## CHARLESTON.

GUFFEY OIL & GAS ROYALTIES, *Inc.,* v. MARSHALL *et al.*

(No. 6683)

Submitted April 22, 1930. Decided May 13, 1930.

*R. F. Kidd* and *J. D. Jones,* for appellants.
*B. W. Craddock,* for appellee.

LITZ, JUDGE:

R. R. Marshall, a citizen and resident of Gilmer county, W. Va., by his last will and testament, devised to his three sons, T. Marcellus Marshall, Robert Melville Marshall, and C. E. Marshall, various tracts of land and interests in lands situate in West Virginia, subject to the authority of his executors, Robert Melville Marshall and R. George Linn, to dispose of the coal, oil, and gas thereunder, and distribute the proceeds among the three sons. The executors declining to act, T. Marcellus Marshall qualified as administrator, with the will annexed, and as such executed oil and gas leases covering various parts of said lands. By deed dated December 7, 1900, C. E. Marshall and wife conveyed to J. M. Guffey and John H. Galey undivided interests of the oil and gas "in and under" numerous of said tracts of land. Following the granting clause, the deed states: "It is the intention of the grantors to convey one-sixth (1/6) undivided interest in the oil and gas in any and all lands owned by the (male) grantor or to which he is entitled by reason of being an heir of R. R. Marshall, deceased, except as to the four tracts hereinbefore reserved. But this conveyance is subject to certain leases made by T. Marcellus Marshall, administrator, with the will annexed, of the estate of (said) R. R. Marshall, deceased, for oil and gas purposes to J. M. Guffey and John H. Galey, one of which is dated on the 7th day of March, 1900, and covers various tracts aggregating 1459½ acres, * * * and another lease by the same party to the same parties for 300 acres, dated on the 2nd day of June, 1900, * * * and also subject to any other lease for oil and gas purposes on the said land or any part thereof now in existence, and so long as said premises are operated under said lease, the parties of the second part

shall be entitled to receive only one-half of the royalty pro-
vided for in the two tracts of 30 and 52½ acres, first above
mentioned, * * * and *one-sixth of the royalty on all of
the other tracts hereinbefore named except* in the 33 acre tract
and the 140 acre tract * * * in which two tracts the parties
of the second part are to receive only *one-twelfth of the royalty*
provided for in the said lease to be delivered to T. Marcellus
Marshall, administrator, with the will annexed, of the estate
of R. R. Marshall, deceased. The *oil hereby conveyed is to be
delivered free of cost to the credit of the parties of the second
part,* their heirs, assigns or successors, in the pipe lines which
may be connected with wells upon said premises, and in case
of a forfeiture of the oil and gas leases aforesaid this deed
shall pass unto the parties of the second part the undivided
one-half of the oil and gas in and under the two tracts of 30
and 52½ acres, first aforesaid, and the one undivided sixth in
all the other tracts hereinbefore named, except the 33 acres and
140 acres * * * in which the one-twelfth undivided in-
terest of said oil and gas with all the rights to the said oil and
gas which were devised to the said C. E. Marshall by the late
R. R. Marshall.''

On August 2, 1901, T. Marcellus Marshall, as administrator
aforesaid, J. M. Guffey, and John H. Galey entered into a
written contract, as follows:

> ''Whereas, T. Marcellus Marshall made oil and
> gas lease to J. M. Guffey and John H. Galey, of the
> R. R. Marshall, deceased, estate, containing about
> 1459½ acres, more or less, dated the seventh day of
> March, 1900, and located in Gilmer and Braxton
> Counties, West Virginia, on and near the waters of
> the Little Kanawha River, on which a well has been
> completed, and is now producing oil.
>
> ''Whereas, the said J. M. Guffey and John H.
> Galey purchased on the 7th day of December, 1900,
> *a portion of the oil and gas royalty on said estate*
> from C. E. Marshall, of said Gilmer County, and
> whereas it is assumed that the said T. Marcellus
> Marshall has the right under the will of the said
> R. R. Marshall, deceased, to have all of the royalty
> under said lease run to his credit (division order to

this effect having this day been signed by J. M. Guffey), and when sold to distribute the proceeds of the sales among the owners of the said royalties, in proportion as their interests may appear.

"Now, therefore, the said T. Marcellus Marshall hereby agrees with the said J. M. Guffey and John H. Galey to render a statement together with the proceeds of such sales of any and all royalty oil that said Guffey and Galey may be entitled to under and by virtue of said *assignment,* which is of record in the Deed Book 42, page 193, in the records of Gilmer County, West Virginia.''

By deed dated July 1, 1910, John H. Galey and Lillian T. Galey, his wife, conveyed to J. M. Guffey all the oil and gas interests acquired by the male grantor under the deed to him and said Guffey from C. E. Marshall and wife, as aforesaid.

By deed dated December 6, 1922, James M. Guffey and wife conveyed to Charles P. Lynch the oil and gas interests acquired by Guffey and Galey under the said deed to them from C. E. Marshall and wife, dated December 7, 1900, measured as royalties and not as oil and gas in place.

By deed dated December 22, 1922, Charles P. Lynch and wife conveyed to the plaintiff, the Guffey Oil & Gas Royalties, Inc., a corporation, the rights acquired by him under said deed from James M. Guffey and wife, dated December 6, 1922.

From 1902 to 1924, T. Marcellus Marshall, as such administrator, made annual settlements before a commissioner of accounts of the county court of Gilmer county, which were confirmed by said court, showing the amounts of royalties and delay rentals, and the distribution thereof, received under said oil and gas leases, during which time he paid to Guffey and Galey, prior to the conveyance by the latter to the former, and thereafter to Guffey, all oil and gas royalties to which they, or either of them, were entitled as assignee of C. E. Marshall, and which were accepted by them without demanding any delay rentals collected by him under said leases.

This suit was instituted by the Guffey Oil & Gas Royalties, Inc., against said T. Marcellus Marshall, individually and as such administrator, for the purpose of requiring the defendant to account to the plaintiff for one-sixth of the delay rentals

received by him under said oil and gas leases. The bill, filed at April rules, 1924, to which the summons was returnable, bases the plaintiff's right of recovery on the deeds from C. E. Marshall and wife to J. M. Guffey and John H. Galey, from John H. Galey and wife to J. M. Guffey, from J. M. Guffey and wife to Charles P. Lynch, and from Charles P. Lynch and wife to plaintiff. The defendant having demurred to the bill, May 7, 1924, the plaintiff, upon its motion, was granted leave to file an amended bill. On February 23, 1925, an amended bill was filed exhibiting as a part thereof a writing in words and figures following, to-wit: "Pittsburgh, Pa., May 26, 1923. For one dollar and other good and valuable consideration, the receipt of which is hereby acknowledged, I hereby transfer and assign unto the Guffey Oil & Gas Royalties, Inc., all money now due or owing to me from properties situate in Gilmer and Lewis Counties, West Virginia, said properties being the same properties conveyed to Charles P. Lynch by deed dated December 6, 1922, and now of record in the respective counties. J. M. Guffey." Upon the death of T. Marcellus Marshall in November, 1925, the cause was revived in the name of R. F. Kidd and J. D. Jones as the trustees of his estate.

The plaintiff contends that the deed from C. E. Marshall and wife to J. M. Guffey and John H. Galey, dated December 7, 1900, conveyed one-half of the oil and gas in place underlying the lands devised to said Marshall by his father, R. R. Marshall, and that it, as remote assignee of said grantees, is entitled to one-half of the delay rentals as well as to the royalties derived from oil and gas leases covering said lands. The defendants, on the other hand, insist that said conveyance, construed in the light of the authority of T. Marcellus Marshall, as administrator, to dispose of the oil and gas, the subsequent deeds under which the defendant claims, the contract of August 2, 1901, between T. Marcellus Marshall, as administrator aforesaid, J. M. Guffey and John H. Galey, the deed from J. M. Guffey and wife to Charles P. Lynch, and the acceptance by said Guffey and Galey of the royalties derived from said leases for a period of twenty-two years in full satisfaction of their

claims thereunder, conveys only oil and gas royalties. The deed in question, although purporting to convey undivided oil and gas interests in place, grants royalties only under existing leases; and, as all of the oil and gas was subject to lease by the administrator, it is fair to assume, in the light of the subsequent deeds, contract, and acts of the parties, that the interest of the grantees was intended to be the same in leases thereafter executed. The said contract, after interpreting the deed in issue as a conveyance of royalties, provides for payment by J. Marcellus Marshall, as administrator to Guffey and ,Galey of royalties only from oil and gas leases executed by him. Also the deed from J. M. Guffey and wife to Charles P. Lynch, although describing the subject-matter of the conveyance as an undivided interest in the oil and gas underlying the lands, fixes the measure of such interests on the basis of royalties, which renders the grant, in effect, a conveyance of royalties only. But however the original conveyance may be construed, T. Marcellus Marshall, as administrator, having distributed the proceeds from the oil and gas leases in accordance with said contract, Guffey and Galey and those claiming under them are estopped to assert any other construction than that stated in said agreement. "If, in making a contract, the parties agree upon or assume the existence of a particular fact as the basis of their negotiations, they are estopped to deny the fact so long as the contract stands, in the absence of fraud, accident, or mistake." 21 C. J. p. 1111.

The decree complained of is therefore reversed, and the bill dismissed.

*Reversed and dismissed.*